UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------X
Clifford McBride,
                Plaintiff,
     -against-                                                        COMPLAINT
                                                                                       AND JURY DEMAND
The City Of New York, New York City Police Officers:        19-cv-9923
Saziye Bilger And Officers John And Jane Doe #1 -10, the
names being fictitious and presently unknown, in their individual and official
capacities as employees of the City of New York Police Department,
                Defendants.
-------------------------------------------------------------------------------------------------X

       The Plaintiff, Clifford McBride, by his attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and NYPD Police Officers Saziye Bilger and Officers J. Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff' federal claims.

## NOTICE OF CLAIM

3. A notice of claim was filed with the City of New York within the relevant statutory period; 50-h hearing conducted; more than 30 days have elapsed since such filing; the City has inadequately offered to settle Plaintiff's state law claims.

## VENUE

4. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in New York County, New York, within the confines of the Southern District of New York.

## PARTIES

5. Plaintiff at all times relevant hereto resided in the City and State of New York.

6. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

8. That at all times hereinafter mentioned, and on information and belief, Defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

9. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

11. That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

12. At all relevant times, plaintiff has college-level education in criminal justice, no criminal record, has worked professionally in the area of asset protection and lives with and takes care of his mother.

13. At all relevant times, Defendant Bilger committed the false arrest of plaintiff and was personally involved in and liable for plaintiff's false arrest, the actions of all defendant officers described in this complaint, and all other claims set forth below.

14. On 27 JULY 2018, at approximately 4:50 p.m. plaintiff walked into the McDonald's Restaurant located at 4040 Broadway, New York, NY, after work to get money out of an ATM. Inside the McDonald's an argument was taking place between a customer and a security guard. The argument escalated and several NYPD police officers arrived and apprehended the customer.

15. Shortly thereafter, Defendant Bilger accompanied by Defendant NYPD Officers John and Jane Doe arrived and immediately surrounded plaintiff while his ATM card was still inside the machine and his money was being distributed. Instead of assessing the scene and helping the first responders detain the customer

who was fighting with police, Defendant Bilger, accompanied by Defendant Officers, arrested plaintiff.

16. The NYPD Defendant Officers who accompanied Defendant Bilger included a middle aged Caucasian male with light blond hair, approximately 5'10, of a slim athletic build (Defendant2).

17. The NYPD Defendant Officers who accompanied Defendant Bilger also included a Hispanic male with short black hair, middle aged but a few years younger looking than Defendant2, a little shorter than Defendant2, of medium build (Defendant3).

18. Defendant2 and Defendant3, acting under the instructions of Defendant Bilger, grabbed plaintiff's arms, pulled them behind his back and handcuffed him.

19. When plaintiff explained what was going on and that they had the wrong person, Defendant Officers verbally abused plaintiff by using profanity, casting aspersions on his character based on outdated race and class stereotypes, and ordered him to remain silent.

20. Plaintiff explained that he was getting money from the ATM, that his ATM card and money were still in the ATM machine, and again asked why he was being apprehended. Defendants Officers continued using profanity; tightened his cuffs; and recovered his dispensed money and ATM card.

21. Defendant2 and Defendant3, acting under the instructions of Defendant Bilger, then forcibly escorted plaintiff outside the McDonalds and violently shoved him into the back of their car and drove him to the precinct.

22. During the drive to plaintiff complained that the cuffs were too tight and stated that defendants were making a mistake. Defendant2 and Defendant3 told plaintiff he was never going to sue them because he was from the ghetto and would never be able to hire a lawyer, and told him to stay quiet and that they hear such idle threats all the time.

23. Once at the precinct Defendants Bilger and Officers continued their mistreatment of plaintiff. Acting under the instructions of Defendant Bilger, Defendant Officer took plaintiff into the men's room, handcuffed, and conducted a cavity search. Plaintiff's butt cheeks were spread and Defendant Officer reached into the front of plaintiff's underwear and manhandled his genitals in an aggressive and threatening manner.

24. Additionally, Defendant Officers held plaintiff for hours at the precinct before they charged him with disorderly conduct and released him with a desk appearance ticket. When plaintiff asked Defendants Bilger and Officers and also the Desk Sergeant for an explanation of the charges, they all refused to provide such.

25. Plaintiff was forced to return to court two times before all the charges were dismissed. He lost two days of pay as he missed work.

26. Plaintiff also suffered severe emotional and mental harm because this false arrest placed his employment in jeopardy: his employer informed him that he would be fired if the case were not dismissed. Plaintiff lived with that stress and aggravation for months before clearing his name.

27. Plaintiff also suffered and still suffers additional emotional and mental harm because he now fears police

contact, suffers social anxiety that he did not previously feel, and has become reclusive and introverted. He stays home more and socializes less.

28. At all times during the events described above, defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

29. Additional defendant officers who were present witnessed all of the above and failed to intervene and failed to protect plaintiff in the obviously illegal actions of their fellow officers against plaintiff.

30. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## FIRST CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

31. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

32. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

33. Defendants deprived Plaintiff of civil, constitutional and statutory rights and conspired to deprive plaintiff of such rights and are liable under federal and state law.

34. There is further indication that the actions of the arresting officers in this case were the result of racial profiling.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

35. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

36. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

37. Moreover the City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, the City has failed to properly train and supervise its employees. Upon information and belief, the individually named defendants in this action have been the subject of many prior civilian complaints and prior lawsuits alleging civil rights violations. Though the City of New York has paid hundreds of thousands of dollars in settlements for civil rights actions against defendants, the City has

failed to take necessary steps to ensure that these particular officers are not in a position to further violate the civil liberties of civilians. This City has been on notice that these officers are unfit for their present positions, yet continues to employ them, and empower them to violate the civil liberties of people like the plaintiff.

38. Moreover, when the City was informed of the specific wrongdoing in this incident, it failed to take necessary steps to investigate the incident and to discipline the officers at fault. Defendant Officers have been responsible for numerous prior civil rights violations including false arrests and excessive force. Though it was apparent that this incident represented a gross abuse of power by the defendant officers, the City failed to take necessary steps to investigate this matter and see that the individual officers were disciplined.

39. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

40. For example, the well-documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

41. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under- utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

42. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and

incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

43. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the City via his criminal defense attorney while his charges were pending, the City has failed to remedy the wrong.

44. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

45. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

46. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

47. Defendants illegally arrested plaintiff subjecting him to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

48. As a result of the foregoing, plaintiff has been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

49. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50. Defendants illegally arrested plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

51. As a result of the foregoing, plaintiff have been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; plaintiff' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

### FIFTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(EXCESSIVE FORCE)

52. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

53. Defendants unnecessarily and wantonly inflicted pain on plaintiff maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, falsely accused plaintiff, exhibited signs of racial profiling and racial animosity, built up his fear and anxiety without cause or justification, subjected plaintiff to unnecessary pain and suffering, subjected plaintiff to the fear of physical violence while in custody, and caused plaintiff physical violence.

54. As a result of the foregoing, defendants intentionally put plaintiff in fear and fright of imminent physical harm and plaintiff was damaged and suffered pain unnecessarily.

### SIXTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

55. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

56. Defendants, acting with malice, caused a false accusatory instrument to be filed against plaintiff, initiated a prosecution against him, and did so without probable cause.

57. The criminal proceedings were terminated in plaintiff's favor..

58. Plaintiff was damaged as a result of the malicious prosecution implemented by the defendants.

### SEVENTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(CONDITIONS of CONFINEMENT)

59. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

60. Plaintiff was denied food and water at the precinct.

61. Plaintiff was subjected to an improper unreasonable cavity search without justification or cause.

62. Defendants handcuffed plaintiff forcibly too tightly and for a length of time in violation of his rights,

including while inside the precinct men's room while they conducted their improper unreasonable cavity search without justification or cause.

63. Upon information and belief, this is an ongoing practice within the confines of the precinct.

64. Plaintiff was damaged and denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination.

### EIGHTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

65. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

66. Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because he was required to appear in court after the misrepresentations were made.

67. Thus defendants are liable to plaintiff under the Sixth Amendment for denying a fair trial.

68. As a result, plaintiff was damaged and suffered the injuries as set forth within this complaint.

### NINTH CAUSE OF ACTION
(CRUEL and UNUSUAL PUNISHMENT)

69. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

70. Plaintiff's physical condition suffered as a result of defendants' actions and conduct, and plaintiff unnecessarily suffered cruel and unusual punishment.

### TENTH CAUSE OF ACTION
(CONSPIRACY)

71. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

72. Defendants agreed to violate the plaintiff's rights in the manner described above. Namely, defendants made an agreement to conspire together to racially profile plaintiff, and to cover up their false arrest and their violations of plaintiff's rights.

73. Defendants took action in furtherance of this agreement by conspiring together to falsely charge plaintiff with the crimes described above, to fabricate a version of events that would justify their false arrest and violations of plaintiff's rights, and to initiate criminal proceedings against plaintiff with their misrepresentations about plaintiff to prosecutors.

### ELEVENTH CAUSE OF ACTION
(FAILURE TO INTERVENE)

74. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth

Amendments.

77. As a direct and proximate result of this unlawful conduct, plaintiff was damaged.

## TWELFTH CAUSE OF ACTION
(FAILURE TO PROTECT)

78. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

79. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to protect plaintiff.

80. Defendants were aware of the likelihood of harm to plaintiff but yet failed to protect him, whether deliberately or negligently. Defendants should have exercised their authority to stop plaintiff from being subjected to false arrest and all additional violations described throughout. Defendants were in a position of power and authority over plaintiff and held plaintiff's life, liberty, property and livelihood in their hands. Here, defendants are specifically liable for all of the unlawful acts plaintiff suffered, and had a duty to protect him. Their failure to do so, whether deliberately or negligently, caused plaintiff's injuries.

## THIRTEENTH CAUSE OF ACTION
(ASSAULT and/or EXCESSIVE FORCE)

81. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

82. That the Court has pendant jurisdiction of this claim.

83. That as a result of the foregoing, defendants intentionally or negligently put plaintiff in fear and fright of imminent physical harm. By defendants' acts, omissions, negligence, plaintiff suffered pain unnecessarily.

84. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants.

## FOURTEENTH CAUSE OF ACTION
(BATTERY and/or EXCESSIVE FORCE)

85. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

86. That the Court has pendant jurisdiction of this claim.

87. That as a result of the foregoing, defendants intentionally or negligently battered plaintiff by their acts, omissions, and negligence.

88. That as a result of the foregoing, plaintiff suffered pain unnecessarily.

89. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants.

## FIFTEENTH CAUSE OF ACTION
(NEGLIGENCE)

90. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

91. Defendants owed a duty to plaintiff who was a prisoner in the custody and care of defendants.

92. Defendants breached their duty to plaintiff.

93. As a result, plaintiff suffered injuries.

## SIXTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

94. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

95. That as a result of the foregoing, defendants intentionally inflicted emotional distress on plaintiff and as a result plaintiff sustained and suffered serious emotional injuries and general and pecuniary damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 25 OCTOBER 2019
   New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff