


```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2020
```

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**SOO-YOUNG SHIN**
Assistant Corporation Counsel
(212) 356-2329
soshin@law.nyc.gov

April 14, 2020

Honorable Robert W. Lehrburger     By ECF
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  <u>Clifford Mcbride v. City of New York, et al.</u>
           19 Civ. 9923 (LAK) (RWL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of City of New York, and the attorney assigned to represent the defendants, The City of New York and Officer Saziye Bilger, in this case.  Defendants, jointly with plaintiff, respectfully submit this letter requesting a 90 day stay of this litigation, including all Local Civil Rule 83.10 deadlines in light of the COVID-19 pandemic.  This is the first such request.

      By way of background, this case is assigned to participate in Local Civil Rule 83.10 (ECF No. 4) and accordingly initial disclosures and some limited Plan discovery have been exchanged amongst the parties.  Mediation was scheduled for April 23, 2020, within 14 weeks of when the first defendant answered, as the Plan proscribes.

      As Your Honor is aware, on March 7, 2020 Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing COVID-19 pandemic situation and Mayor Bill de Blasio followed suit.  Thereafter, on March 20, 2020, Governor Cuomo signed the "New York State On Pause" Executive Order, mandating that all non-essential personnel stay at home.  In light of pronouncements from government officials, associated policies, expert recommendations, and citywide efforts to curb the pandemic's spread, plaintiff's Law Office as well as the New York City Law Department, along with the majority of employers in New York City beginning on or about March 15, 2020, transitioned its workforce to work from home status.

      Prior to the pandemic, the undersigned made requests to the NYPD for discovery related to this case.  The undersigned received some documents which were then able to be provided to plaintiff's counsel as part of the exchange of limited Plan discovery.  However, there is still

outstanding discovery, for example, body-worn camera footage, which the undersigned has not yet received. Due to the pandemic, we may not obtain additional discovery from the NYPD and additionally any documents that may exist with the criminal court, in the near future. This will likely continue until individuals are able to return to their offices and are able to resume their normal assigned duties. Body-worn camera footage, along with other outstanding discovery, may directly impact settlement discussions, and therefore the parties seek a stay in this matter.

In light of the above, the parties respectfully request a 90-day stay of this matter; which would allow for flexibility between the parties with regards to the deadlines set forth by the Plan, chiefly at this time with regards to the date by which mediation must be held. Thank you for your consideration in this matter.

Respectfully submitted,

*Soo-Young Shin* /s/
Soo-Young Shin
*Assistant Corporation Counsel*

cc: Gregory Zenon    By ECF
    *Attorney for Plaintiff*

**The request for a 90 day stay is GRANTED and all pending deadlines are extended by 90 days.**

SO ORDERED:

4/15/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

2